IN the MATTER OF DISCIPLINARY
PROCEEDINGS AGAINST John F.
GUZIKOWSKI, Attorney at Law.

Supreme Court

*No. 86–1054–D. Filed April 9, 1987.*

(Also reported in 403 N.W.2d 457.)

PER CURIAM. *Attorney disciplinary proceeding; attorney's license suspended.*

The referee recommended that the license of John Guzikowski be suspended for 60 days as discipline for misconduct consisting of the neglect of three probate matters, including one with respect to which he previously had been publicly reprimanded for neglect, and for failure to respond to inquiries from the Board of Attorneys Professional Responsibility (Board) investigating his conduct in these matters. We determine that Attorney Guzikowski's unprofessional conduct warrants the imposition of a 60-day suspension of his license to practice law. His neglect of the probate matters caused harm to his clients, and his failure to respond to the disciplinary authorities constituted a

violation of his duty to the court system in its attempt to regulate the professional conduct of attorneys.

Attorney Guzikowski was admitted to practice law in Wisconsin in 1944 and practices in Milwaukee. He was previously disciplined for neglect of an estate and for his failure to reply to written requests from the Board for information concerning that matter. The referee is Attorney Stewart G. Honeck.

The referee made findings of fact based on the stipulation of the parties. In one estate, commenced in March, 1983, Attorney Guzikowski was appointed personal representative. After filing an inventory in January, 1984, following a court order to show cause, he filed no other documents in the estate. The Board investigated this matter and, with Attorney Guzikowski's consent, publicly reprimanded him for his neglect, as well as for his failure to respond to its inquires into the matter. Attorney Guzikowski failed to respond to a certified letter from the Board inquiring into the progress of the estate following the imposition of the public reprimand.

In May, 1985, the probate court issued an order to show cause why Attorney Guzikowski should not be removed as personal representative and attorney in the estate. After filing the certificate determining inheritance tax and closing certificate for fiduciaries, Attorney Guzikowski wrote to the court on the day before the hearing on the order to show cause and resigned as personal representative. At the hearing the court removed him from that position and designated a successor.

In a second estate, commenced in December, 1983, Attorney Guzikowski represented the personal representative. In January, 1985 the court issued an order to show cause why the inventory in the estate had not

been filed, and Attorney Guzikowski then retained the services of another attorney to complete the probate of the estate. Attorney Guzikowski failed to respond to two requests from the Board for information concerning grievances filed by three of the heirs in the estate.

In a third matter, in February, 1984, Attorney Guzikowski was retained to probate the estate of a woman's husband. Attorney Guzikowski failed to respond to numerous inquiries from the client concerning the status of the matter, and the client complained to the Board. When she subsequently learned that no probate proceeding had been filed, the client retained other counsel in late 1985 to pursue the matter. Attorney Guzikowski failed to respond to two written inquiries from the Board concerning the matter.

On the basis of these stipulated facts, the referee concluded that Attorney Guzikowski neglected each of the three estates, in violation of SCR 20.32(3), and also violated SCR 22.07(2) by failing to respond to Board inquiries into his conduct. As discipline for his misconduct, the referee recommended that Attorney Guzikowski's license to practice law be suspended for 60 days. We agree that the recommended discipline is an appropriate sanction for this unprofessional conduct.

IT IS ORDERED that the license of John F. Guzikowski to practice law in Wisconsin is suspended for a period of 60 days, commencing May 18, 1987.

IT IS FURTHER ORDERED that within 60 days of the date of this order John F. Guzikowski pay to the Board of Attorneys Professional Responsibility the costs of this proceeding, provided that if the costs are not paid within the time specified and absent a showing of his inability to pay the costs within the time specified, the license of John F. Guzikowski to

practice law in Wisconsin shall be suspended until further order of the court.

IT IS FURTHER ORDERED that John F. Guzikowski comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.