IN the MATTER OF DISCIPLINARY
PROCEEDINGS AGAINST John F.
GUZIKOWSKI, Attorney at Law.

Supreme Court

*No. 87–1315–D. Filed March 17, 1988.*

(Also reported in 420 N.W.2d 368.)

PER CURIAM. *Attorney disciplinary proceeding; attorney's license suspended.*

The referee recommended that the license of John F. Guzikowski to practice law be suspended for a period of six months as discipline for misconduct consisting of neglect of eight probate matters and failure to respond to inquiries of the Board of Attor-

neys Professional Responsibility (Board) in its investigation into the matters. The referee further recommended that the suspension be deemed to have commenced July 17, 1987, the date on which a 60-day suspension of his license previously imposed by this court was to have ended.

We determine that a six-month suspension of Attorney Guzikowski's license is appropriate discipline for his misconduct, taking into account that it is of the same kind as that for which he was previously disciplined. Attorney Guzikowski has demonstrated a pattern of neglecting client matters and refusing to respond to the Board's investigations. The six-month suspension is needed to impress upon him the seriousness of that misconduct and its detrimental effect on his clients and the legal system. Further, it will require that, in order for his license to be reinstated, he establish to the court's satisfaction his fitness to represent others in the practice of law in our courts. SCR 22.28.

Attorney Guzikowski was licensed to practice law in Wisconsin in 1948 and, prior to his suspension in 1987, practiced in Milwaukee. In addition to the 60-day suspension for neglect of probate matters and failure to respond to Board inquiries, *Disciplinary Proceedings Against Guzikowski,* 137 Wis. 2d 144, 403 N.W.2d 457 (1987), Attorney Guzikowski had been publicly reprimanded by the Board in 1984 for neglecting an estate matter and failing to respond to the Board. The referee in this proceeding is Attorney Stewart G. Honeck.

The parties stipulated and the referee found that since May, 1984 Attorney Guzikowski neglected eight probate matters for which he had been retained. That neglect included his failure to file necessary docu-

ments with the court, failure to appear at scheduled hearings, failure to make timely distribution of estate assets, failure to turn over an estate file to a successor personal representative and failure to respond to numerous attempts by heirs, relatives of decedents and other attorneys to obtain information concerning the probate of the estates. Attorney Guzikowski also failed to respond to numerous letters from the Board requesting information concerning his conduct in three of those estates.

On the basis of those facts, the referee concluded that Attorney Guzikowski's neglect of the probate matters violated SCR 20.32(3)(1986) and his failure to respond to the Board was in violation of SCR 21.03(4) and 22.07(2).

This misconduct is the same as that for which Attorney Guzikowski was twice previously disciplined, once by public reprimand from the Board in 1984, and once by this court's suspension of his license to practice law in 1987. That suspension was to terminate July 17, 1987, but did not for the reason that Attorney Guzikowski failed to comply with our rule requiring an attorney whose license is suspended to, among other things, notify clients of the suspension and also because he did not comply with the court's order to pay the costs of that disciplinary proceeding. By order of September 23, 1987, we continued the license suspension until further order of the court.

In recommending that a six-month suspension imposed in this proceeding be deemed to have commenced upon what was to have been the expiration of the 60-day suspension in 1987, the referee noted that Attorney Guzikowski paid the costs of the prior proceeding on the day of the hearing in this proceeding, which the referee found to have been as soon as

practicable, considering Attorney Guzikowski's financial situation. The referee also found that Attorney Guzikowski had not practiced law since his license was suspended.

We adopt the referee's findings of fact and conclusions of law, and we agree that a six-month suspension is appropriate discipline and should be deemed to have commenced on July 17, 1987.

IT IS ORDERED that the license of John F. Guzikowski to practice law in Wisconsin is suspended for a period of six months, commencing July 17, 1987.

IT IS FURTHER ORDERED that within 30 days of the date of this order John F. Guzikowski pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing of his inability to pay the costs within that time, the license of John F. Guzikowski to practice law in Wisconsin shall remain suspended until further order of the court.

IT IS FURTHER ORDERED that John F. Guzikowski comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.